BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021108

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| Stacy Berkowitz, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Professional Claims Bureau, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Stacy Berkowitz, by and through the undersigned counsel, complains, states, and alleges against defendant Professional Claims Bureau, Inc., as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Professional Claims Bureau, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Stacy Berkowitz ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Professional Claims Bureau, Inc., ("PCB") is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Nassau County, New York.

8. PCB has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9. PCB regularly collects or attempts to collect debts asserted to be owed to others.

10. PCB is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of PCB's businesses is the collection of such debts.

12. PCB uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. PCB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of PCB as described in this Complaint were performed by PCB or on PCB's behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to PCB in this Complaint shall mean PCB or

2

its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Plaintiff was treated at North Shore LIJ Medical, for which she allegedly incurred a debt. ("the alleged Debt").

16. North Shore LIJ Medical retained PCB to collect the alleged Debt.

17. In its efforts to collect the alleged Debt, PCB sent Plaintiff two (2) letters dated December 15, 2020. ("**Exhibit 1.**")

18. Upon receipt of the letters, Plaintiff disputed the alleged Debt in writing, and faxed such dispute to PCB.

19. PCB received the fax on January 2, 2021. ("**Exhibit 2.**")

20. PCB did not respond to Plaintiff's dispute correspondence.

21. Instead, PCB sent Plaintiff two (2) additional letters dated January 20, 2021. ("**Exhibit 3.**")

22. PCB's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from PCB's conduct.

23. Plaintiff justifiably fears that, absent this Court's intervention, PCB will continue to attempt to collect the alleged Debt in violation of Plaintiff's rights.

24. Plaintiff justifiably fears that, absent this Court's intervention, PCB will ultimately cause Plaintiff unwarranted economic harm.

25. As a result of PCB's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

3

26. As a result of PCB's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

28. A favorable decision herein would redress Plaintiff's injury with money damages.

29. A favorable decision herein would serve to deter PCB from further similar conduct.

30. Upon information and belief, Plaintiff can prove that all actions taken by PCB as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692g and 1692e

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. 15 U.S.C. § 1692g(b) provides that if a consumer notifies a debt collector in writing within thirty days after receipt of an initial written communication for the debt collector that the debt is disputed, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt and a copy of such verification or judgment is mailed to the consumer by the debt collector.

33. Plaintiff's dispute correspondence was sent to PCB within thirty days of Plaintiff's receipt of the letters dated December 15, 2020.

34. The December 15, 2020 letters were the initial written communication Plaintiff received from PCB concerning the alleged Debts.

35. PCB did not respond to Plaintiff's dispute correspondence.

36. The January 20, 2021 letters were attempts to collect the alleged Debt.

37. 15 U.S.C. § 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. An attempt by a debt collector to collect a debt without responding to a consumer's dispute correspondence is a deceptive practice.

39. For the foregoing reasons, PCB violated 15 U.S.C. §§ 1692g and 1692e, and is liable to Plaintiff therefor.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding PCB's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: January 29, 2021

           BARSHAY, RIZZO & LOPEZ, PLLC

           By: *David M. Barshay*
           David M. Barshay, Esquire
           445 Broadhollow Road | Suite CL18
           Melville, New York 11747

5

Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL2021102
*Attorneys for Plaintiff*